UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

ALVERINE CARTY

    Plaintiff

v.

PALM BEACH CREDIT ADJUSTERS INC.
d/b/a FOCUS FINANCIAL SERVICES

    Defendant

_____/

## COMPLAINT FOR DAMAGES PURSUANT TO THE TCPA

### Jurisdiction

1. This is an action which arises from violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et. Seq.

2. This court has jurisdiction to hear matters regarding the TCPA. 28 U.S.C. §1331, Mims v. Arrow Financial Services LLC 132 S.Ct. 740 (2012).

3. Plaintiff, ALVERINE CARTY is a resident of Broward County, Florida, and at all times material hereto, owned, or otherwise exercised dominion and control, over the cellular phone number ending in 3423, with a 305 area code, which was called in violation of the TCPA as alleged herein.

4. Defendant, PALM BEACH CREDIT ADJUSTERS INC. d/b/a FOCUS FINANCIAL SERVICES ("FOCUS FINANCIAL") is a Florida Limited Liability Company with offices in Palm Beach County, Florida, which does business in Broward County, by calling and sending correspondence to Broward County residents in an effort to collect debts and perform similar accounts receivable services.

5. The events that give rise to this Complaint, occurred in Broward County.

1

6. Jurisdiction and venue are proper in this Court.

## The TCPA

7. The TCPA was enacted by Congress in 1991 to regulate (a) unsolicited faxes, (b) calls placed using automated dialing equipment or prerecorded or artificial voices, including text messages ("robocalls"), (c) telephone solicitations, and (d) calls with inadequate identification or lacking caller ID. 47 U.S.C. § 227.

8. The FCC has found that the TCPA its implementing rules provide "heightened protection" for consumers, as autodialed robocalls can be "costly and particularly intrusive." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* CG Docket No. 02-278, Report and Order (2015)(Declaratory Ruling and Order).

9. With regard to cellphones, the TCPA restricts calls to cellphones using autodialers, defined by the FDCPA as "equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial those numbers." The FCC has subsequently clarified that "congress intended a broad definition of autodialer," and that equipment need only have the "capacity" to function as an autodialer, to violate the TCPA. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* CG Docket No. 02-278, Report and Order (2015)(Declaratory Ruling and Order); Satterfield v. Simon & Schuster Inc. 569 F. 3d 946 (9th Cir. 2009).

10. The restrictions above extend to both calls that a consumer is actually charged for, as well as calls to a cellular phone, even if the consumer is not charged. Osorio v. State Farm Bank, 746 F.3d 1242 (11th Cir.2014).

11. A "called party" with standing to bring a TCPA action, is the person actually called, regardless of whether they were or are the "intended recipient." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir.2014).

12. A person may only be called with an autodialer to a cellphone, if prior consent has been provided. *Request of ACA International for Clarification and Declaratory Ruling,* CG Docket No. 02-278, FCC Release 07-232, 23 FCC Rcd 559, 565, 2008 FCC LEXIS 56, 43 Comm. Reg. (P & F) 877, at ¶ 9 (Jan. 4, 2008). Consent may be revoked, orally by a consumer. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014). It is the Defendant/caller's burden to demonstrate that consent was provided. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 FCC Rcd. 559, 564 (F.C.C.2008).

13. The TCPA is a strict liability statute that "does not require any intent for liability except when awarding treble damages." Breslow v. Wells Fargo, 857 F.Supp.2d 1316 (S.D. Fla. 2012).

### Facts

14. Plaintiff at all times exercised dominion and control over the phone number named above, which was a cellular phone number.

15. Defendant has called said number approximately 4 times per week, since at least January 2015. Said date and amounts are upon information and belief, and

3

Plaintiff believes that said dates and amounts represent a minimum amount of calls made to Plaintiff's cellphone.

16. All or most of the calls made in that time frame, were made using an autodialing system, and/or a system with the capacity to act as an autodialing system.

17. All or most of the call made during that time, either (1) left a message on Plaintiff's cellphone which contained a robotic, non-human voice and/or a clearly recorded human voice, and/or (2) Upon answering said calls, Plaintiff heard a pause or delay (or otherwise, the call was answered by a robotic or pre-recorded voice saying that an agent will contact or be with Plaintiff, or used similar language) before obtaining a human employee or operator of Defendant.

18. Plaintiff did not provide consent for Defendant to utilize the cellphone number in question. Alternatively, in January 2015, Plaintiff did advise the Defendant that she no longer wished to receive calls on the subject cellphone number from Defendant, thus validly withdrawing any prior consent which may have been given.

19. Any actions taken by any employees of Defendant, were taken under the employ, and with the knowledge, consent and permission of, the Defendant herein.

### COUNT I - Violation of the TCPA – 47 U.S.C. 227(b)(1)(A)(iii)

20. Plaintiff realleges paragraphs 1-19, as if fully set forth herein.

21. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii), by making calls to Plaintiff's cellphone using an autodialer and/or equipment with the capacity to operate as same, using a prerecorded or artificial voice, without the consent and permission of the Plaintiff, or alternatively, after Plaintiff informed Defendant that any previous consent which may have been provided, was withdrawn.

WHEREFORE, Plaintiff ALVERINE CARTY, hereby requests this Court enter judgment against the Plaintiff herein, for (a) Damages in the amount of $500 per call which violates the TCPA (b) Damages in the mount of $1,500 per call which violates the TCPA, which constitutes a willful or knowing violation, (c) injunctive relief, prohibiting further calls to Plaintiff's cellphone which violate the TCPA, (d) attorney's fees and litigation costs and expenses related to the instant action and (e) any and all relief deemed just and proper.

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

Respectfully Submitted by:

Jason Weaver Esq.
FBN 0392596
Jason Weaver P.A.
2750 N. 29th Ave Ste. 120
Hollywood FL 33020
(954) 870-4090
jason@jasonweaverpa.com
www.jasonweaverpa.corn

5